THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NORMAN L. AVERY, Defendant-Appellant.

(No. 73-234; ▮▮▮▮▮▮▮▮)

Fifth District—May 14, 1974.

Robert E. Farrell and Michael J. Rosborough, both of Office of the State Appellate Defender, of Mt. Vernon, for appellant.

Michael J. Henshaw, State's Attorney, of Harrisburg, for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

The defendant was indicted for the offense of forgery on March 29, 1973. On May 21, 1973, he was charged by criminal complaint with the offense of deceptive practices, and at the same proceedings he pled guilty to both charges. After the trial court accepted the pleas of guilty, the State's Attorney informed the court that a plea agreement was agreed upon to the effect that if the defendant would plead guilty to both forgery and deceptive practices, the State would recommend sentences of probation for 3 years for the crime of forgery and 1 year in the State Penal Farm for deceptive practices. The trial court accepted the guilty pleas and sentenced the defendant in accordance with the plea agreement.

This appeal is from the forgery conviction.

The sole contention of the defendant is that the trial court did not comply with Supreme Court Rule 402(b) in that it was not adequately determined that the defendant's plea was voluntary.

After the plea agreement was stated in open court the following colloquy occurred:

"COURT:  *  *  *  Are you satisfied with the negotiated plea agreement that your counsel has entered into on your behalf and do you understand and agree to the terms of that agreement?

DEFENDANT: Yes, sir.

COURT: Was there any force or threat or promises apart from the agreement used to obtain your plea of guilty?

DEFENDANT: No. sir."

The court then proceeded to admonish the defendant of several rights. The following colloquy then occurred:

"COURT:And you're making this plea of guilty as to these charges voluntarily and as a result of your own decision?

DEFENDANT: Yes, sir.

COURT: Have any promises of any kind other than the plea agreement been made to you or have any threats or coercion been made to you by the State's Attorney, your attorney, or any other person to induce you to enter a plea of guilty?

DEFENDANT: No. sir."

While portions of the record cited above, standing alone, do constitute compliance with Rule 402(b), the defendant asserts that the following excerpt from the record requires a finding that 402(b) was not complied with:

"COURT: Do you understand that if any promises other than the plea agreement have been made to you by anyone they would not in any way be binding upon the court?

DEFENDANT: No, sir.

COURT: Now, listen. Do you understand that if any promises other than the plea agreement have been made to you by anyone they would not be binding upon this court?

DEFENDANT: Yes, sir."

The defendant asserts that when the trial judge said, "Now, listen," and then asked the same question a second time, he was admonishing the defendant to give the "right answers".

In this court's opinion, the phrasing of the court's question could have easily confused the defendant. His original negative answer literally meant, "No, I don't understand * * *," but in the defendant's mind the answer may have meant, "No, the promises would not be binding upon the court." The trial court probably realized that the defendant may have been confused by the question. Considering the complete record, the court asked the question a second time, not as a "cue" to the defendant to give the "right" answers, but in an attempt to clarify the question. The trial court was justified in accepting the defendant's second answer. That portion of the record relied upon by the defendant for his appeal did not taint the prior compliance with Rule 402(b).

The trial court complied with Supreme Court Rule 402(b) and consequently the judgment of the Circuit Court of Saline County is affirmed.

Judgment affirmed.

EBERSPACHER and CREBS, JJ., concur.